IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA DIDONATO<br>99 Silvia St.<br>Staten Island, NY 10312<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WEGMANS FOOD MARKETS, INC.<br>15 Woodbridge Center Dr.<br>Woodbridge, NJ 07095<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No.<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Maria Didonato, (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Wegmans Food Markets, Inc. (*hereinafter* referred to as "Defendant") for violations of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*) and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to Title VII and the New Jersey Law Against Discrimination. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted her administrative remedies (with respect to her Title VII claims) because she timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within 90 days from receiving her right to sue letter from the EEOC.

### III. Parties

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult with an address as set forth above.

8. Defendant Wegmans Food Markets, Inc. is a privately held American regional supermarket chain with locations throughout the United States, including the location at which Plaintiff worked in Woodbridge, New Jersey.

2

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV. Factual Background

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed with Defendant for approximately one year and three months until she was involuntarily terminated from her position in or about October of 2016.

12. At the time of Plaintiff's termination from Defendant, she was employed as a Merchandising Management Trainee.

13. During her employment with Defendant, Plaintiff was supervised by John Pastorella (spelled phonetically – Merchandising Manager) and Steven Milazzo (Grocery Manger).

14. Throughout her employment with Defendant, Plaintiff was subjected to discriminatory and hostile treatment by Defendant's management, including but not limited to Pastorella, because of her gender.

15. For example, unlike her male co-workers, Plaintiff was ignored by Pastorella and when he did in fact talk to her, he would treat her in a rude and condescending manner, yell at her, refuse to allow her to talk, humiliate her in front of other co-workers, and talk down to her in a very offensive manner.

16. As a result of Pastorella's discriminatory and demeaning behavior towards Plaintiff, she complained to Defendant's management, including but not limited to Melissa (last name unknown) from Defendant's Human Resources Department on two occasions within the

3

two weeks preceding her termination about the aforesaid gender discrimination that she as being subjected to.

17. Plaintiff's aforesaid complaints of gender discrimination were never properly investigated or resolved and instead, in extremely close proximity to Plaintiff's complaints of gender discrimination (discussed *supra*), she was informed that she was being suspended pending termination.

18. The reason give to Plaintiff for her aforesaid suspension (pending termination) was that she had acted in a disrespectful manner towards Pastorella, which is completely false.

19. While on her aforesaid suspension, Plaintiff was called into the office and informed that she was being terminated for a completely different reason than what she had been allegedly suspended for.

20. Plaintiff was told that she was being terminated for something that she had been given permission to do by her supervisor, Milazzo.

21. Prior to Plaintiff's termination from Defendant, there was an agreement between Plaintiff and Milazzo that she could have a flex schedule due to "personal circumstances," which was documented in a conversation summary by Milazzo.

22. Plaintiff was thereafter terminated for acting upon the agreement that she and Milazzo had regarding her flex schedule.

23. Plaintiff believes and therefore avers that she was subjected to a hostile work environment, suspended pending termination, and was ultimately terminated from her employment with Defendant because of her gender and/or complaints of gender discrimination.

4

## Count I
### Violations of Title VII of the Civil Rights Act of 1964
([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff was subjected to discriminatory and disparate treatment during her employment with Defendant by Defendant's management, including but not limited to Pastorella.

26. Plaintiff complained about the aforesaid gender discrimination to Defendant's management, including but not limited to Defendant's Human Resources Department on at least two occasions within the two weeks preceding her termination from Defendant.

27. Plaintiff's complaints of gender discrimination were never properly investigate or resolved and Plaintiff was suspended and ultimately terminated shortly after conveying her concerns of discrimination.

28. Plaintiff believes and therefore avers that she was subjected to a hostile work environment, suspended pending termination, and ultimately terminated from her employment with Defendant because of her gender and/or complaints of gender discrimination

29. These actions as aforesaid constitute unlawful retaliation under the Title VII.

## Count II
### Violations of the New Jersey Law Against Discrimination
([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5

31. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of the instant action, as such actions constitute identical violations of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating/retaliating against employees based on their gender and/or complaints of gender discrimination, and are to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, overtime, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 26, 2017